**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **TERESA ANNE JOYNER,** ) <br> as Administratix of the Estate and ) <br> on behalf of the wrongful death ) <br> beneficiaries of **LORRAINE ANTHONY**,) <br> deceased. ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **KINDRED HOSPITALS LIMITED** ) <br> **PARTNERSHIP d/b/a** ) <br> **KINDRED HOSPITAL-CHATTANOOGA**) <br> ) <br>     **Defendant.** ) | **Civil Action No. _____** |

---

## NOTICE OF REMOVAL OF CIVIL ACTION

---

Defendant Kindred Hospitals Limited Partnership d/b/a Kindred Hospital-Chattanooga ("Defendant"), pursuant to 28 U.S.C. § 1441(b), 1446, and 28 U.S.C. § 1332, hereby files and serves this Notice of Removal of Civil Action on the grounds of diversity jurisdiction and respectfully show unto the Court as follows:

    1.    On June 5, 2020, the Plaintiff commenced an action against Defendant, in the Circuit Court for Hamilton County, Tennessee, bearing Case No. 20C620. A copy of the filings from the Circuit Court for Hamilton County, Tennessee is attached hereto as collective Exhibit 1.

    2.    Process was certified mailed to Defendant's registered agent on June 8, 2020 and received on June 11, 2020.

    3.    Tennessee Courts have recognized that in a wrongful death case governed by Tennessee law, the citizenship of the decedent is controlling for purposes

of diversity jurisdiction. *Yeubanks v. Methodist Healthcare Memphis Hosps.*, 227 F. Supp. 2d 934, 938 (W.D. Tenn. 2002). Removal is appropriate here as decedent, Lorraine Anthony, was a citizen of Madison County, Tennessee. Further, Administratix Teresa Anne Joyner is a citizen of Florida, residing in Vernon, Florida. Comparatively, Defendant Kindred Hospitals Limited Partnership is a Delaware limited partnership with its principal place of business in Kentucky. The general and limited partners are Kindred Hospitals West, LLC, a Delaware limited liability company with its principal place of business in Kentucky and Kindred Nursing Centers, Limited Partnership, a Delaware limited partnership with a principal place of business in Kentucky. As such, complete diversity exists among the parties.

4. Defendant avers that the amount in controversy exceeds $75,000, exclusive of costs and interest, for purposes of diversity jurisdiction under 28 U.S.C. §1332(a). In instances where a plaintiff claims an unspecified amount in damages, the defendant seeking removal under diversity jurisdiction must demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B) (2012); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). In the case at hand, Plaintiff seeks recovery for injuries to and death of Lorraine Anthony resulting from the alleged negligence and gross negligence of Defendant. *See* <u>Exhibit 1</u> – Complaint. Specifically, Plaintiff alleges that due to the conduct of Defendant, Lorraine Anthony suffered abuse and neglect, pressure ulcers, complications from a tracheostomy, delay in care, severe pain and death. *See* <u>Exhibit 1</u> – Complaint ¶16-17. Plaintiff seeks recovery of attorney's fees, all general and special damages caused by alleged conduct of defendant and punitive damages for its alleged

egregious conduct. *See* <u>Exhibit 1</u> – Complaint. Punitive damages should be included in the amount-in-controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir.2001) (internal citation omitted). Therefore, Defendant avers that it is apparent from the Plaintiff's pleadings that the amount in controversy exceeds the statutory threshold of $75,000. *See Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000) (holding that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional threshold); *see also De Anguilar v. Boeing Co.*, 11 F.3d 55, 57–58 (5th Cir. 1993) (it was facially apparent that the amount in controversy was sufficient where the claims included wrongful death).

5. Under 28 U.S.C. § 1441(b), actions over which the District Courts of the United States have original jurisdiction are removable, and this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a)(1). This action is removable to this Court because this is a civil action, the Plaintiff and the Defendant are citizens of different states within the meaning of 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000, exclusive of interest or costs.

6. This Notice of Removal is filed with the Clerk of the United States District Court for the Eastern District of Tennessee, Chattanooga within thirty days, as computed by Fed. R. Civ. P. 6(a), of the date of service. Accordingly, the time that Defendant has to answer or otherwise respond to the above-styled Complaint has not yet expired and this Removal is timely filed.

7. A copy of this Notice of Removal is contemporaneously filed with the Circuit Court Clerk for Hamilton County, Tennessee, giving due notice to the State Court, and further, a copy of this Notice of Removal and the exhibit hereto will be served on the Plaintiff by and through their counsel.

8. The exhibits hereto include the only documents filed in this cause. To date, there have been no responsive pleadings or discovery served in this action and no further proceedings have been held in the Circuit Court for Hamilton County, Tennessee.

9. Based on the foregoing, this Court has jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and removal of this action is proper pursuant to 28 U.S.C. § 1441(b) under the procedure set forth in 28 U.S.C. § 1446.

10. In filing this Notice of Removal of Civil Action, Defendant reserved all rights and defenses available to it.

WHEREFORE, Defendant hereby serves Notice that the above-captioned action pending against it in the Circuit Court for Hamilton County, Tennessee, has been removed therefrom to this Court.

Respectfully submitted,

**ADAMS AND REESE LLP**

/s/ F. Laurens Brock
F. Laurens Brock (BPR# 017666)
 (larry.brock@arlaw.com)
Donna L. Boyce (BPR# 017039)
 (donna.boyce@arlaw.com)
424 Church Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 259-1450
Facsimile: (615) 259-1470
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the **Notice of Removal of Civil Action** was filed electronically this the 8th day of July, 2020. Copies may also be accessed through the Court's ECF system. Notice of this filing was served via the Court's Electronic Case Filing system to all parties and counsel listed on the electronic filing receipt.

Furthermore, I hereby certify that a true and exact copy of the foregoing has been served on the following parties by placing it in the U.S. Mail, First Class, postage prepaid as indicated below, on this the 8th day of July, 2020.

Richard D. Piliponis
Benjamin J. Miller
Carly Macmillan
525 4th Ave S
Nashville, TN 37210
(615)353-0930
rdp@higginsfirm.com
ben@higginsfirm.com
carly@higginsfirm.com
*Attorneys for Plaintiff*

By: /s/ F. Laurens Brock